The Honorable Will Feland Prosecuting Attorney P.O. Box 423 Lonoke, AR 72086
Dear Mr. Feland:
This is in response to your request for an opinion regarding the election of directors for the Plum Bayou Levee District. According to the facts supplied, there are three vacancies from Lonoke County, Jefferson County and Pulaski County. You state:
 "A request has been made by a landowner in the area for an election to fill the three (3) positions in Lonoke County, Arkansas."
You then pose the following questions in this regard:
 1. What is the process to determine when and how an election should be held?
 2. Whose responsibility is it to call the election and to conduct the election?
It must be initially recognized in addressing these questions that the method of filling vacancies in boards of directors or commissioners of levee improvement districts varies, depending upon the statutory authority under which the district was organized. Act 26 of 1889, Section 5, (A.C.A.14-123-307), which appears to apply to levee improvement districts formed under Act 78 of 1879, states that should a vacancy occur, the county court shall order an election to fill the vacancy. The judges of the election who are, it seems, appointed by the county court (A.C.A. 14-123-301), conduct the election. A.C.A. 14-123-304.
By way of contrast, in levee districts which become duly organized under the provisions of Act 279 of 1909, vacancies are filled by the county court or by the county judge in vacation. A.C.A. 14-120-112(a) and (h)(2). See also A.C.A.14-121-301. In certain combination levee and drainage districts, on the other hand, the remaining commissioners fill vacancies by appointment. A.C.A. 14-120-102. And in districts governed by A.C.A. 14-120-601 to -608 (districts with five (5) or less commissioners who are not elected under existing law), vacancies are filled by order of the court having jurisdiction, subject to certain petition procedures. A.C.A. 14-120-608.
It is thus apparent that the particular legislative authority under which the district was organized or, if applicable, reorganized, must be considered. An election may or may not be the proper means of filling vacancies on the board of commissioners, depending upon the applicable statute(s).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
RON FIELDS Attorney General
RF:arb
[1] Act 78 of 1879 is codified as A.C.A. 14-123-202, -203, -205, -301, -302, -304 to -306, -311, -312, -316, -401 to -409, -411, -413 to -419.